IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

THOMAS R. MENEI,

      Plaintiff,

v.                                    CIVIL ACTION NO. 5:03-0169

HARRY L. KIRKPATRICK, III, *et al.*,

      Defendants.


<u>MEMORANDUM OPINION</u>

    Pursuant to the court's order of March 31, 2005, in which the court overruled plaintiff's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation ["Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

<u>I.  Plaintiff's Objections</u>

    Plaintiff's objections are of two major thrusts.  First, beginning on page one of plaintiff's objections and continuing through the first half of page four, plaintiff objects to certain elements of the magistrate judge's summary of the factual and procedural history of this action.  Plaintiff's objections in this regard are misplaced.  As the magistrate judge correctly noted in the Findings and Recommendation, when considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court is to construe the allegations of the complaint in the light most favorable to the plaintiff, assume the alleged facts to be true,

and grant the motion to dismiss only if it is clear that no relief
could be granted under any set of facts which could be proven
consistent with the allegations of the complaint.  See Hishon v. King
& Spalding, 467 U.S. 69, 73 (1984).  Because it is the bare
allegations of the complaint, rather than the actual underlying
facts, that the court scrutinizes upon a motion to dismiss pursuant
to Rule 12(b)(6), plaintiff's objections regarding those actual
underlying facts are irrelevant at this stage, and are thus
OVERRULED.

Second, the plaintiff objects to the magistrate judge's
conclusion that absolute immunity bars plaintiff's suit under 42
U.S.C. § 1983 against Circuit Court Judge H.L. Kirkpatrick III.  In
support of his objection, plaintiff states that Judge Kirkpatrick's
actions were not of the type normally performed by a judge in that
Judge Kirkpatrick allegedly abandoned his judicial role by becoming a
"rubber stamp" for the actions of the police and the assistant
prosecutor.

Plaintiff misconstrues the standard pursuant to which absolute
immunity is to be applied.  As the magistrate judge explained in the
Findings and Recommendation, absolute immunity attaches to a judge's
judicial actions so long as they are not taken in the absence of all
jurisdiction.  Mireless v. Waco, 502 U.S. 9, 11 (1991).  A judge's
actions are to be considered "judicial" where 1) they are of the type
normally performed by a judge, and 2) the expectations of the parties
indicate that they were dealing with the judge in his judicial
capacity.  Stump v. Sparkman, 435 U.S. 349, 356-57, 362 (1978).

Furthermore, a distinction is made between acts performed in excess of a judge's jurisdiction, and those made in the clear absence of any jurisdiction over the subject matter before the judge; only the latter prevent absolute immunity from attaching to a judge's actions. Id. at 356.  Finally, Stump makes clear that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority," so long as he did not act in the total absence of all jurisdiction.  Id. at 356-57.

There can be no question that Judge Kirkpatrick acted within his jurisdiction in issuing the underlying capias warrant, and the court is aware of no other acts on the part of Judge Kirkpatrick that could be considered to have been taken in the absence of jurisdiction. Because this court is in agreement with the magistrate judge that plaintiff's allegations, if proven, would constitute no more than judicial error, plaintiff's objections on this point are also OVERRULED.  Judge Kirkpatrick is immune from suit in this matter, and is accordingly DISMISSED.

## II.  Conclusion

As previously stated in the court's order of March 31, 2005, the court (1) CONFIRMS and ACCEPTS the magistrate judge's findings, (2) GRANTS in part and DENIES in part, as fully set forth in the proposed findings and recommendation, defendants' motion to dismiss (Doc. No. 15), and (3) REFERS this matter back to the magistrate judge for further proceedings, including review of the final

paragraph of plaintiff's objections as a motion to amend the complaint.

The Clerk is directed to forward a copy of this written opinion and order to the plaintiff, pro se, and to all counsel of record.

IT IS SO ORDERED this 28th day of April, 2005.

ENTER:

David A. Faber
Chief Judge